UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-119-SDD-SCR |
| VANESSA HERNANDEZ | |

### SUPPLEMENTAL RULING

In a status conference held in the above captioned matter on Monday, June 8, 2015, counsel for the Defendant raised the issue of whether the United States Supreme Court's recent opinion in *Rodriguez v. United States*[1] materially changed the analysis utilized by this Court in its *Ruling*[2] denying Defendant's *Motion to Suppress*. The Court addresses counsel's concerns in this supplemental ruling as set forth below.

On April 21, 2015, the United States Supreme Court held in *Rodriguez v. United States* that police may not extend an otherwise-completed traffic stop, absent reasonable suspicion, in order to conduct a dog sniff of the vehicle. Specifically, the Court stated that, "the tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission'— to address the traffic violation that warranted the stop, and attend to related safety concerns."[3] Thus, "[a]n officer ... may conduct certain unrelated checks during an otherwise lawful traffic stop. But ... he may not do so in a way that prolongs the stop, absent the reasonable suspicion ordinarily demanded to

---

[1] 135 S.Ct. 1609 (2015).
[2] Rec. Doc. No. 34.
[3] 135 S.Ct. at 1611 (internal citations omitted).

justify detaining an individual."[4] Thus, the *Rodriguez* Court held that prolonging a traffic stop for seven minutes beyond the time required to address the traffic violation for the purpose of performing a drug dog sniff violated the Fourth Amendment's shield against unreasonable seizures when the officers lacked reasonable suspicion or consent to prolong the seizure.[5]

Notwithstanding this legal development in the law, the Court finds that the facts in *Rodriguez* are materially distinguishable from the facts before the Court surrounding the traffic stop of the bus on which the Defendant was a passenger. In *Rodriguez*, law enforcement stopped the defendant for driving on a highway shoulder, in violation of Nebraska law. After the officer completed all tasks relating to the stop such as checking the driver licenses of the defendant and his passenger and issuing a warning for the traffic violation, he asked the defendant for permission to walk his dog around the vehicle. Although the defendant refused this request, the officer further detained the defendant, called for back-up, and employed his dog who alerted to the presence of drugs in the vehicle.[6]

In contrast, Defendant Hernandez was a passenger on a commercial passenger bus passing through Baton Rouge, Louisiana, which was stopped for an alleged traffic violation.[7] Upon completion of the traffic stop, the bus driver gave consent for the officers to conduct a dog sniff of the luggage contained in the compartment under the bus which ultimately led to the discovery of the drugs that form the basis of the charge

---

[4] *Id.* at 1614.
[5] *Id.*
[6] *Id.* at 1610.
[7] 2015 WL 867930, *1 (M.D. La. Feb. 27, 2015).

2

against the Defendant.[8] Applying Fifth Circuit precedent to the facts of this case, the Court detailed its analysis and reasons for finding that the bus driver gave valid consent to search the bus and why this third party consent was imputed to the Defendant under the circumstances.[9] As such, reasonable suspicion was not required to extend the traffic stop in this case because consent was given by a party with common or shared control over the area searched.[10]

Accordingly, for the reasons set forth above, the Court hereby supplements its previous *Ruling* denying the Defendant's *Motion to Suppress*.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 11 day of June, 2015.

*Shelly Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[8] *Id.* at *8.
[9] *Id.* at *8-*12.
[10] *Id.*